IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **BARBARA COLEMAN,** | ) | |
| | ) | **CASE NO. 3:10cv0464** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **JUDGE JACK ZOUHARY** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | **MAGISTRATE JUDGE GREG WHITE** |
| Commissioner of Social Security | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |

Plaintiff Barbara Coleman ("Coleman"), through counsel Kirk B. Roose ("Roose"), filed a timely application for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  (Doc. No. 22.)  The Commissioner of Social Security ("Commissioner") filed a response to Coleman's motion arguing that EAJA fees are not appropriate in this case.  (Doc. No. 23.)  Coleman replied.  (Doc. No. 24.)  This matter was referred for a report and recommendation.  (Non-document order dated January 25, 2011.)  For the following reasons, it is recommended that Coleman's motion for attorney fees be granted.

**I. Procedural History**

The instant action was filed on March 4, 2010.  (Doc. No. 1.)  On November 18, 2010, this Court recommended that the decision of the Commissioner be vacated and the matter remanded for further proceedings.  (Doc. No. 18.)  The government filed a notice stating that it

1

would not be filing objections to the Report and Recommendation. (Doc. No. 19.) On November 30, 2010, the Court adopted the Recommendation in its entirety and remanded the case pursuant to 42 U.S.C. §405(g) sentence four. (Doc. Nos. 20, 21.) Coleman filed a timely motion for attorney fees pursuant to the EAJA in the amount of $4,016.49, representing 23 hours, payable directly to counsel.[1] (Doc. No. 25.) The Commissioner opposes the request and asserts that the government's position was substantially justified. (Doc. No. 23.)

## II. Analysis

### A. Applicable Law

The EAJA "'departs from the general rule that each party to a lawsuit pays his or her own legal fees' and requires the payment of fees and expenses to the prevailing party in an action against the United States, unless the position of the United States was substantially justified," or special circumstances would make an award unjust. *Howard v. Barnhart*, 376 F.3d 551, 553 (6th Cir. 2004) (*quoting Scarborough v. Principi*, 504 U.S. 401 (2004)); *see also* 28 U.S.C. § 2412(d)(1)(A). It is undisputed that Coleman is an eligible and prevailing party.

The "substantial justification standard" is essentially one of reasonableness. *Sullivan v. Hudson*, 490 U.S. 877, 884 (1989); *Pierce v. Underwood*, 487 U.S. 552, 562-565 (1989). The pertinent inquiry is whether the Commissioner's position in initially denying benefits and defending the denial in federal court had a reasonable basis in law and fact. *Pierce*, 487 U.S. 552, 565; *Anderson v. Comm'r of Soc. Sec.*, 198 F.3d 244 (6th Cir. 1999) (unpublished). The reversal of the Commissioner's decision, even on the basis of a lack of substantial evidence, fails

---

[1] In addition, Coleman requests attorney fees to be awarded for his time preparing the reply brief, amounting to $1,484.35, representing 8.5 hours. (Doc. No. 24 at 14.)

to "raise the presumption that the Government's position was not substantially justified" for purposes of the EAJA. *Id.*; *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989).

The Sixth Circuit has ordered awards of attorney fees under the EAJA where the government's litigating position was inconsistent with established precedent. *See, e.g., Caremore, Inc. v. NLRB*, 129 F.3d 365, 371 (6th Cir. 1997). In addition, "Social Security Rulings are binding on all components of the Social Security Administration. These rulings represent 'precedent final opinions and orders and statements of policy and interpretations that [the Social Security Administration] ha[s] adopted.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 834 (6th Cir. 2006) (*quoting* 20 C.F.R. § 402.35(b)(1)).

### B. Commissioner's Litigation Position

The Commissioner asserts that his position was substantially justified because "the government's position, as an inclusive whole, was reasonable." (Doc. No. 23 at 3-4.) The Commissioner contends that the Court merely found that "the ALJ's opinion was not explicit enough regarding his analysis and application of the state agency reviewer's findings," not that the ALJ erred based on his failure to apply the sequential analysis accurately. (Doc. No. 23 at 4.) The Commissioner also contends that the Court found in favor of the Commissioner on other arguments Coleman raised; and, therefore, the government's position, as a whole, was justified in fact and law. *Id.*

As this Court concluded, however, the ALJ failed to link his RFC determination with specific evidence in the record and failed to comply with Social Security Rulings ("SSRS") 96-8p and 82-62. (Doc. No. 18.) As SSRs represent "precedent final opinions" and are binding, an ALJ "may not ignore these opinions and must explain the weight given to these opinions in their

3

decisions."[2] The ALJ's mistake was not merely an articulation error. Instead, the ALJ plainly did not follow the Social Security Administration's procedures properly. The government's litigation position must have a reasonable basis in law *and* fact. Where there might be sufficient factual evidence in the record to support an ALJ's decision, the government's decision to defend a deficient opinion is not thereby rendered *per se* reasonable.

The Court recognizes the difficulty experienced by the Commissioner in making decisions to defend based upon lengthy and complicated records. Here, all things considered, the Court finds Coleman is entitled to attorney fees under the EAJA.

While the Commissioner has frequently challenged direct payment of EAJA fees to a plaintiff's attorney, he has not done so in this case. Roose has attached a copy of an attorney fee contract showing that on February 1, 2006, Coleman consented to have all EAJA fees assigned to counsel. (Doc. No. 22-6.) The Sixth Circuit has held that pursuant to the EAJA, attorney fees are to be awarded to a plaintiff who is the "prevailing party," not his counsel. *Bryant v. Comm'r. of Soc. Security*, 578 F.3d 443, 446-449 (6th Cir. 2009). This holding was found to be applicable even when a written fee contract was entered into calling for assignment of any EAJA award to the attorney. *See Rosenstiel v. Astrue, Comm'r. of Soc. Security*, 2009 WL 3061996, *2, Case No. 2:08-231 (E.D. Ky. Sept. 22, 2009)(unpublished). Nonetheless, the United States Supreme Court has noted that statutory fee awards can coexist with private fee arrangements. *Venegas v. Mitchell*, 495 U.S. 82, 88 (1990). Under § 1988, which legal principles are similar to the EAJA,

---

[2] *See* 20 C.F.R. § 402.35(b)(1) ("We publish Social Security Rulings in the Federal Register under the authority of the Commissioner of Social Security. They are binding on all components of the Social Security Administration. These rulings represent precedent final opinions and orders and statements of policy and interpretations that we have adopted.")

the Supreme Court has noted that "it is the party's right to waive, settle, or negotiate" a claimant's eligibility to attorney fees.  *Venegas*, 495 U.S. at 87-89; *see also Astrue v. Ratliff*, – U.S. –, 130 S.Ct. 2521 (2010) (finding that claimants, and not their attorneys, are the prevailing parties under the EAJA, but noting the Government's practice of direct payment to attorneys where claimants do not owe a debt to the government and the claimants have made an assignment of their rights to receive attorneys fees).  Pursuant to *Ratliff*, any attorney fees paid belong to Plaintiff, Coleman, and can be offset to satisfy any pre-existing debt that she owes the United States.

### III.  Conclusion

The Court recommends that Coleman's application for attorney fees under the EAJA be granted and further recommends payment of $5,531.34 in EAJA fees plus costs to Kirk B. Roose, 6150 Park Square Drive, Suite A, Lorain, Ohio 44053.  (Doc. No. 22.)

                    s/ Greg White
                    United States Magistrate Judge

Date   February 11, 2011